# UNITED STATES DISTRICT COURT

EASTERN DISTRICT ARKANSAS

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
2017 JUL 14 AM 9:41
JAMES W. McCORMACK
BY:

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 14 2017
JAMES W. McCORMACK, CLERK
By: dBw DEP CLERK

Tashuan Dewayne Yancy

vs.

CASE # 4:17-CV-455-BRW-PSH

Turn Key Health
J. Pratt
"Nurse" Mitchell
Dr. Cooper
Pulaski County Sheriffs Department

This case assigned to District Judge Wilson
and to Magistrate Judge Harris

## 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT WITH STATE LAW TORTS UNDER 28 U.S.C. § 1367

## I Jurisdiction

1. The United States District Court has exclusive jurisdiction over civil rights claims and constitution torts pursuant to 42. U.S.C. § 1983.

2. The United States District Court has supplemental jurisdiction over state law torts, pursuant to 28 U.S.C. § 1367, because the claims are so related to other claims within this action as to form the same "case or contraversy"

## II. Venue

3. All acts described herein occurred at the Pulaski County Regional Detention Facility in Little Rock, Arkansas; which is located in the EASTERN DISTRICT OF ARKANSAS, therefore the venue is proper

## III. Defendants and Capacity

4. Turn Key Health is a private corporation who has contracted with the Pulaski County Sheriffs Department to provide medical care services to inmates incarcerated in the Pulaski County Regional Detention Facility, and is responsible for administering adequate medical care to Pulaski County prisoners, to include providing proper diagnosis of medical conditions and formulating adequate medical treatment plans; and, making referrals for outside specialists when the need for specialized medical care is obvious; and, communicating and co-ordinating with the Pulaski County Sheriffs Department to ensure the means are made available to follow through with medical treatment plans and to provide specialized care. Turn Key Health has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas . Turn Key Health is being sued in OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

5. J. Pratt is employed by Turn Key Health as a medical services administrator, and is responsible for direct oversight of medical services, to include diligent supervison of subordinate medical personnel; formulating and facilitating operating procedures, and policies, to ensure that adequate appropriate and effective medical care is provided; and, to monitor individualized

5. (Continued)- ....medical treatment plans of inmates who have special care needs, to ensure that those inmates recieve the type of specialized care needed; and, to monitor the "sick call" medical request process for efficiency, to ensure that inmates who have legitimate and serious medical problems recieve prompt appropriate treatment; and, to handle all other administrative duties, to include processing medical grievances and resolving problems identified by the medical grievance process. J. Pratt has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas . J. Pratt is being sued in his OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

6. Nurse Mitchell is employed by Turn Key Health as the director of nursing, and is responsible for diligent supervision of subordinate medical personnel; and, to monitor individualized medical treatment plans of inmates who have special care needs, to ensure that those inmates recieve the type of specialized care needed; and, to monitor the sick call medical request process for efficiency, to ensure that inmates who have legitimate and serious medical problems recieve prompt appropriate treatment; and, to co-ordinate with the doctor in forming and facilitating individualized medical treatment plans. Nurse Mitchell has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas . Nurse Mitchell is being sued in his OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages

7. Dr. Cooper is employed by Turn Key Health as a medical doctor, and is responsible for forming and monitoring individualized medical treatment plans of inmates who have special care needs, to ensure that those inmates recieve the type of specialized care needed; and, has primary responsibility for providing adequate medical care to inmates who have been identified by the

7. (Continued) - .... sick call medical request process as having legitimate and serious medical care needs, and ensuring that those inmates recieve prompt appropriate treatment, and monitoring the progress of those inmates to ensure that the medical care being provided is effective.

Dr. Cooper has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas .

Dr. Cooper is being sued in her OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

8. Pulaski County Sheriffs Department is a government agency which operates the Pulaski County Regional Detention Facility, and is responsible for the medical care of Pulaski County inmates. Although the Pulaski County Sheriffs Department has contracted with Turn Key Health to provide medical care to inmates, a responsibility remains on the part of Pulaski County Sheriffs Department to diligently monitor Turn Key Health's performance of contractual duties, providing adequate medical care, and specialized medical care when the need for such care is indicated, to inmates within its custody. Pulaski County Sheriffs Department is located 3201 W. Roosevelt Rd. in Little Rock Arkansas . Pulaski County Sheriffs Department is being sued in OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

## IV. EXHUASTION OF REMEDIES

9. The plaintiff, Tashuan Dewayne Yancy, utilized the available grievance procedure at the Pulaski County Regional Detention Facility, having filed grievances concerning the facts and issues which are the basis of this civil rights complaint, in an effort to exhaust the available administrative remedies pursuant to the requirements of the Prison Litigation Reform Act 42 U.S.C.§ ; however, Turn Key Health and Pulaski County Sheriffs Department has defaulted 3 times on the grievance procedure by refusing to acknowledge and/or respond to the grievances, and, by deeming issues non-grievable and denying the plaintiff the appeals process (See attached EXHIBITS "A", "B", & "C" ) Therefore, because the defendants repeatedly and intentionally defaulted on the grievance procedure concerning grievances on the facts and issues which are the basis of this civil rights complaint, exhaustion is complete.

## V. STATEMENT OF CLAIM

10. The plaintiff suffers from a re-occuring medical condition which involves internal bleeding of the gastro-intestinal system, which was significant enough to require his hospitalization in the Intensive Care Unit of the Baptist Health Center for over 21 days during the month of March 2016.

11. On May 21 2017, while being booked in at the Pulaski County Regional Detention Facility, medical personnel employed by Turn Key Health conducted an intake medical screening, at which time the plaintiff informed the medical personnel of his pre-existing and re-occurring medical condition involving internal bleeding of the gastro-intestinal system. The plaintiff further informed this medical personnel that due to this medical condition, recent complications had....

11. (Continued) - .... arisen which were significant enough to require the plaintiff to obtain medical attention from the Baptist Health Center again during the month of April 2017; at which time, the doctors at Baptist Health Center had determined that the plaintiffs medical condition required the treatment of a gastro-intestinal specialist, for which a follow-up appointment had been scheduled for May 22, 2017.

12. Having been made aware that the plaintiff had a pre-scheduled appointment with a gastro-intestinal specialist, which was set for the following day, May 22, 2017; the medical[1] personnel conducting the intake medical screening had the plaintiff sign a release for medical records from the Baptist Health Center, but made no effort to reschedule the appointment with the gastro-intestinal specialist. As a result, the plaintiff was denied medical treatment that the doctors at Baptist Health Center had previously deemed necessary.

13. Because Turn Key Health medical personnel denied the plaintiff necessary medical treatment, as described in paragraph 12; the plaintiff experienced stress, worry, and anxiety; along with other physical symptoms associated with his medical condition, including pain in the lower abdomen, dizzyness, and excessive blood in his "stool" when having a bowel movement.

14. On May 25, 2017, as a result of continuosly experiencing the symptoms described in paragraph 13; the plaintiff submitted a "sick call" medical request (See EXHIBIT "D") in an effort to obtain medical treatment from Turn Key Healths medical department.

---

Footnote 1 - "medical personnel" refers to Turn Key Health medical personnel

15. Also on May 25, 2017, the plaintiff submitted an emergency medical grievance (See EXHIBIT "E") concerning the failure of Turn Key Health's medical department to follow-up on the information provided by the plaintiff during the intake medical screening, and, the failure of Turn Key Healths medical department to make arrangements for the plaintiff to be treated by a gastro-intestinal specialist, as previously determined necessary by medical professionals at Baptist Health Center.

16. The plaintiff was "seen" by Nurse Harrison in response to the sick call medical requests on 5-31-17. Being "seen" by Nurse Harrison is a farce which mocks the medical profession, as it consisted of only of having my vital signs and weight checked, as if any information concerning my internal bleeding of the gastro-intestinal system could be ascertained by such small measures as checking vital signs. The purpose of this was not to provide medical treatment for my serious medical condition; instead, the purpose was to "appear" to be making efforts to provide treatment. It was all a facade and part of an unofficial[3] policy of Turn Key Health to systematically deny expensive medical treatment to inmates who need it, by Turn Key Health intentionally and knowingly employing insufficient and inadequate measures to properly diagnose and treat inmates medical conditions.

---

Footnote 2 - At all times mentioned in this complaint: I, me, and my is a reference to the plaintiff herein, Tashuan Dewayne Yancy

Footnote 3 - Refers to policy described in paragraph 29

17. The plaintiff continued to experience stress, worry, anxiety, dizziness, pain in the lower abdomen, and excessive blood in stool due to the defendants denying him necessary medical treatment, as described in paragraph 12.

18. In the course of the performance of their official duties, including conducting diligent reviews of inmate health information obtained through the intake medical screening, the sick call medical request process, and the medical grievance process; Turn Key Health, J. Pratt, and Nurse Mitchell were made aware that the plaintiff suffered from a serious medical condition involving internal bleeding of the gastro-intestinal system, which medical professionals had recently determined to require prompt treatment by a gastro-intestinal specialist. However, Turn Key Health, J. Pratt, and Nurse Mitchell purposely and intentionally denied the plaintiff this necessary medical treatment, choosing instead to make minimal and inadequate "treatment" efforts, for the purpose of creating the facade of "appearing" to provide to provide treatment.

19. Due to the continued denial of necessary medical treatment, the plaintiffs health further deteriorated, resulting in an episode which occurred on June 12, 2017 while the plaintiff was having a bowel-movement, during which the plaintiff experienced extreme pain in the lower abdomen and excessive dizziness - along with a significant amount of blood in "stool" and all in the toilet, causing the plaintiff to seek emergency medical attention by notifying the officer on duty, Deputy Watson , who in turn notified Turn Key Health's medical department.

20. In response to the episode described in paragraph 19, which occurred on June 12, 2017; Nurse Nguyen came to G-Unit to provide emergency "medical care" to the plaintiff. Upon arrival to G-Unit, Nurse Nguyen came to plaintiffs cell for the purpose of witnessing the significant amount of blood in the plaintiffs feces and toilet. After witnessing the blood, Nurse Nguyen notified the director of nursing, Nurse Mitchell, via a telephone call. Nurse Nguyen then informed me that Nurse Mitchell advised him to inform me that a appointment would be scheduled for me to see Dr. Cooper, but that no emergency or specialized treatment would be provided.

21. The plaintiff was seen by Dr. Cooper in Turn Key Healths medical department on June 17, 2017 for the plaintiffs serious medical condition described in this complaint. This doctor visit was grossly and willfuly negligent, and it consisted only of Dr. Cooper informing me that I would not be provided treatment by a gastro-intestinal specialist because of the expense associated with such treatment. Dr. Cooper informed me that even if a referral for specialized treatment was made, that J. Pratt and Nurse Mitchell would not act on the referral or intentionally misprocess it, for the purpose delaying treatment until I was transferred to A.D.C, with the intent of assisting Turn Key Health in avoiding financial responsibility for expensive specialized treatment-irregardless of its necessity.

22. The Pulaski County Sheriffs Department, who has primarv responsibility for the care of Pulaski County inmates, has been made aware via the inmate grievance procedure, that Turn Key Healths medical department is refusing...

22.(Continued)- .... to provide necessary medical care for the plaintiffs serious medical condition. The Pulaski County Sheriffs Department has refused to take corrective action.

23. All defendants have denied the plaintiff necessary medical treatment bv a gastro-intestinal specialist, which has caused the plaintiff to needlessly suffer from the serious medical condition described in this complaint, for over 45 days.

24. All defendants have refused to make adequate diagnostic medical efforts necessary to determine the current severity of the plaintiffs serious medical condition, possibly exposing the plaintiff to life threatening complications, as a result of lack of treatment.

25. All defendants were deliberately indifferent, and recklessly disregarded the plaintiffs clearly established right to obviously needed medical care for the plaintiffs serious medical condition

26. All defendants acted under color of law at all times mentioned in this complaint.

27. All defendants acted in furtherance of an unofficial, tacit [3] policy of Turn Key Health to employ insufficient and inadequate measures to treat and diagnose medical conditions, in an effort to "appear" legitimate in their refusal to make referrals and arrangements for inmates to recieve obviously needed specialized medical care, with the intent of minimizing operational costs of Turn Key Health

Footnote 3- Refers to policy described in paragraph 29

# CONCLUSIONS OF LAW

28. All defendants denied the plaintiff adequate medical care, by the acts described in paragraphs 10 through 27 of this complaint - which I incorporate by reference; which violates the rights provided by the 8th and 14th Amendments of the United States Constitution. For these acts, all defendants are further liable for willful negligence, gross negligence, and medical malpractice, having commited torts against the plaintiff, in violation of Article 2 of the Arkansas Constitution and Arkansas state tort laws; causing stress, physical injury, and psychological injury.

29. All defendants facilitated and participated in an unofficial tacit policy of Turn Key Health to willfully and intentionally employ insufficent and inadequate medical treatment measures, for the purpose of intentionally failing to appropriately diagnose medical conditions, in an effort to "appear" legitimate in their refusal to make referrals and arrangements for inmates to recieve obviously needed specialized medical care, with the intent of minimizing corporate operational costs of Turn Key Health; AND, because of this, the plaintiff was denied obviously needed, and medically necessary, treatment from a gastro-intestinal specialist. This violates the rights provided by the 8th and 14th Amendments of the United States Constitution. For these acts, all defendants are further liable for willful negligence, gross negligence and medical malpractice, having commited torts against the plaintiff in violation of Article 2 of the Arkansas Constitution and Arkansas state tort laws; causing stress, physical injury and psychological injury

## VII PRAYER FOR RELIEF

30. This civil action demands a trial by jury on all issues triable by a jury.

31. This civil action demands monetary damages against Turn Key Health, J. Pratt, Nurse Mitchell, Dr. Cooper , and Pulaski County Sheriffs Department, as follows:

(a) Turn Key Health, J. Pratt, Nurse Mitchell, and Dr. Cooper are being sued for monetary damages in the amount of (25,000) twenty-five thousand dollars compensatory damages, jointly and severally; and. (100,000) one hundred-thousand dollars punitive damages, jointly and severally.

(b) Pulaski County Sheriffs Department is being sued for monetary damages in the amount of (1) one dollar nominal damages and (10,000) ten thousand dollars punitive damages

I, Tashaun D Yancy, verify that this civil action and the facts contained therein, are true and correct to the best of my information, knowledge, and belief

RESPECTFULLY SUBMITTED,

SIGNATURE: Tashaun Yancy
PRINTED NAME: Tashaun Yancy
ADDRESS : 3201 Roosevelt Rd
City/STATE: Little Rock Ar 72204

(STATE OF ARKANSAS)
(COUNTY OF PULASKI)

Affiant, ______________________, being duly sworn under oath, has read and subscribed to the above and states that the information contained therein, is true and correct to the best of his information, knowledge, and belief.

SUBSCRIBED and SWORN before me on this _____ day of ______________ 2017

NOTARY PUBLIC: ______________________

MY COMMISSION EXPIRES: ______________________

6

# GRIEVANCE FORM

**ONLY ONE (1) GRIEVANCE PER SHEET**

Date Received: 6-4-17

EXHIBIT "A"

**Inmate's Name:** Tashawn Yancy **Intake #:** 8586-17

**Unit:** ______ **Job Assignment:** N/A

**Have you discussed this problem with your Unit Deputy?** Yes ✓ No ____

**Provide a description, or explain the nature of your problem:**

I'm waiting on Transport to The ADC and have been Bleeding Constantly In my Lower Stomach and would Benifit from Removement To The ADC ASAP To Get Better med Help.

**What do you want to happen to solve your problem?**

Move from PCRDF To ADC ASAP

**Inmate's Signature:** [signature] **Date:** 6-3-17

**Is this an emergency situation?** Yes ____ No ✓ **If so, explain why.**

THIS IS A NON-GRIEVABLE ISSUE. PLEASE CONSULT THE INMATE HANDBOOK

(An emergency situation is one in which you may be subject to a substantial risk of bodily harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any deputy or department employee who will sign the attached emergency receipt, give you the receipt and deliver the remaining form, without undue delay, to the Watch Commander, or designee. Reprisals: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Watch Commander.

**Abuse of this program will result in disciplinary action.**

Tear Here

To be completed by the receiving member:

## Receipt for Emergency Situations

Received from which inmate?: ______________ Intake #: ______

Date: ______ Time: ______

______ Printed Name of receiving member ______ D.S.N. ______ Signature of receiving member

Inmate's Name: ______ Intake #: ______ Grievance #: NG

## Grievance Officer's Decision

THIS IS A NON-GRIEVABLE ISSUE. PLEASE CONSULT THE INMATE HANDBOOK.

Sgt Brawley — Signature of Grievance Officer or Designee

Grievance Officer — Title

2122 — D.S.N.

06-12-17 — Date

Signature of inmate receiving response ______ Date ______

## Inmate's Appeal

If you are not satisfied with this response you may appeal this decision within ten (10) days by completing the information below. Remember, you are appealing the decision concerning the original complaint.

Do not list any additional issues which are not part of your original complaint.

Why do you not agree with this response?

Inmate's Signature ______ Intake Number ______ Date ______

## Appeal Response

Signature of Chief or Designee ______ Title ______ D.S.N. ______ Date ______

Inmate's Signature ______ Intake Number ______ Date ______

Forward to Medical welfare @ Southwood medical

# GRIEVANCE FORM

**ONLY ONE (1) GRIEVANCE PER SHEET**

For Office Use Only

EXHIBIT "B"

**Inmate's Name:** Toshaun Yancy **Intake #:** 85816-17

**Unit:** G **Job Assignment:** N/A

**Have you discussed this problem with your Unit Deputy?** Yes ✓ No ____

**Provide a description, or explain the nature of your problem:**

I was seen by a doctor on The 26th of my and he put me on High blood Pills. when my sick call was about Internal Bleeding which no one has yet to Check my for and Several nurses have witnessed Blood In my Stool I'm am writing The Because The Med Staff has neglected to handle This Issue Concerning my life and I feel I am In danger when a Inmate Can Go To The Doms for vision but not Internal Bleeding

**What do you want to happen to solve your problem?**

Immediate Med Atten at a Certified ER.

**Inmate's Signature:** [signature] **Date:** 6 · 19 · 17

**Is this an emergency situation?** Yes ✓ No ____ **If so, explain why.**

Still have blood In Stool and pain In lower adom

(An emergency situation is one in which you may be subject to a substantial risk of bodily harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any deputy or department employee who will sign the attached emergency receipt, give you the receipt and deliver the remaining form, without undue delay, to the Watch Commander, or designee. Reprisals: If you are harmed ... grievance form, report it immediately to the Watch Commander.

Inmate's Name: Yancy, Taderum Intake #: 85861-17 Grievance #: 17-1039

## Grievance Officer's Decision

R.N. Tillman stated you were seen by the provider on 06.21.17 and a treatment plan was ordered.

Sgt Brawley — Signature of Grievance Officer or Designee
Grievance Officer — Title
2122 — D.S.N.
07-03-17 — Date

Signature of inmate receiving response ____ Date ____

## Inmate's Appeal

you are not satisfied with this response you may appeal this decision within ten (10) days by completing the information below. member, you are appealing the decision concerning the original complaint.

Do not list any additional issues which are not part of your original complaint.

ny do you not agree with this response?

Inmate's Signature ____ Intake Number ____ Date ____

## Appeal Response

Forward to Medical 6/19/17 Sgt Atwood

medical G 306

For Office Use Only
17-1259
Date Received:

# GRIEVANCE FORM

**ONLY ONE (1) GRIEVANCE PER SHEET**

EXHIBIT "C"

**Inmate's Name:** Tasham Yancy **Intake #:** 8586-17

**Unit:** G **Job Assignment:** N/A

**Have you discussed this problem with your Unit Deputy?** Yes ✓ No ____

**Provide a description, or explain the nature of your problem:**

I am still wondering why I have not been taken to the ER of my Internal Bleeding which is constant, I have not been given med Attn To fix it or help it all I get is promise after promise with no out come does this Jail Expect me To sit and Die [illegible] a Release of Info and this Jail med staff is Lazy and Incompetent because this has been going on since may 25th 2017. and I'm still haven seen a doctor about my Illness.

**What do you want to happen to solve your problem?**

Proper med treatment

**Inmate's Signature:** [signature] **Date:** 6-19-17

**Is this an emergency situation?** Yes ✓ No ____ **If so, explain why.**

Int bleeding [illegible]

(An emergency situation is one in which you may be subject to a substantial risk of bodily harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any deputy or department employee who will sign the attached emergency receipt, give you the receipt and deliver the remaining form, without undue delay, to the Watch Commander, or designee. Reprisals: If you are harmed

Inmate's Name: Yancy, Tashawn Intake #: 858617 Grievance #: 17-1039

## Grievance Officer's Decision

Signature of Grievance Officer or Designee | Title | D.S.N. | Date

Signature of inmate receiving response | Date

## Inmate's Appeal

If you are not satisfied with this response you may appeal this decision within ten (10) days by completing the information below. Remember, you are appealing the decision concerning the original complaint.

Do not list any additional issues which are not part of your original complaint.

**Why do you not agree with this response?**

Inmate's Signature | Intake Number | Date

## Appeal Response

EXHIBIT "D"

1183-18

# SICK CALL REQUEST FORM

INMATE NAME: Tashun Yancy DOB: 5-10-84 INMATE NUMBER: 8586-17

DATE: 5 25 17 FACILTY: G Unit 306 LOCATION/POD: ______

REASON FOR REQUEST:

I have Internal bleeding and have wrote 3 Sick Calls with no answer and I need To be seen ASAP for this Serious Issue.

1. INMATES ACCESSING MEDICAL, MENTAL HEALTH, DENTAL OR PHARMACEUTICAL SERVICES WILL BE CHARGED IN ACCORDANCE WITH ARKANSAS STATUTES.
2. INMATES WILL NOT BE DENIED MEDICAL CARE DUE TO THE INABILITY TO PAY OR DUE TO INSUFFICIENT FUNDS IN THEIR INMATE ACCOUNT.
3. FEES FOR MEDICAL SERVICES WILL BE DEDUCTED DIRECTLY FROM AN INMATE'S ACCOUNT. IF THERE ARE INSUFFICIENT FUNDS IN THE ACCOUNT, THE FEES WILL BE DEBITED AND THE ACCOUNT WILL SHOW A NEGATIVE BALANCE. ANY MONEY DEPOSITED INTO AN ACCOUNT WITH A NEGATIVE BALANCE WILL BE USED TO SATISFY THE DEBT WITH THE FACILITY PRIOR TO BEING AVAILABLE FOR COMMISARY SERVICES.

INMATE SIGNATURES ARE REQUIRED PRIOR TO SUBMITTING REQUESTS, AND SIGNATURES ACKNOWLEDGE UNDERSTANDING OF THE SICK CALL PROCESS.

[signature]
INMATE SIGNATURE

5 25 17
DATE

***MEDICAL STAFF USE ONLY BELOW THIS BOX***

RECEIVED BY MEDICAL:

[signature] LPN
MEDICAL SIGNATURE

5/26/17 0800
DATE/TIME

ACTION TO BE TAKEN:

☑ SCHEDULE FOR SICK CALL ☐ SCHEDULE FOR PROVIDER CLINIC ☑ WRITTEN RESPONSE TO INQUIRY

☐ OTHER: ______

MEDICAL RESPONSE:

Seen by provider 5/26/17 for this issue

[signature]
MEDICAL SIGNATURE

5/27/17 0640
DATE/TIME

TURN KEY HEALTH

ARKANSAS

Tear Here

EXHIBIT "E"

To be completed by the receiving member:

**Receipt for Emergency Situations**

Received from which inmate? : Yancy Tashawn Intake #: 8586-16
Date: 5/25/17 Time: 1955
Sgt Atwood 1900 Sgt Atwood
Printed Name of receiving member D.S.N. Signature of receiving member

or thre...
Abi...

Tear Here

To be completed by the receiving member:

**Receipt for Emergency Situations**

Received from which inmate? : T Yancey Intake #: 8586-17
Date: 6/19/17 Time: 1750
L Watson 4395 L Watson
Printed Name of receiving member D.S.N. Signature of receiving member

...ase of th...

Tear Here

To be completed by the receiving member:

**Receipt for Emergency Situations**

Received from which inmate? : T. Yancey Intake #: 8586-17
Date: 6/19/17 Time: 1750
L Watson 4395 L Watson
Printed Name of receiving member D.S.N. Signature of receiving member